Per Curiam.

We think the protest and notice of nonpayment to the defendant, were sufficient. It was not incumbent on the plaintiff to transmit the bill itself which was protested. He had a right to proceed against the acceptor in England, as well as against the drawer and endorser here, and it might be essential to retain the. bill for that purpose.. If a different rule were to prevail, the security of such paper would be greatly impaired; for the holder of a bill in every case, where several parties living at a remote distance from each other should be liable upon it, would be driven to the necessity of electing to sénd it to one only, and of relinquishing his demand against the others. The passage in Beawes, (Lex. Her. 460; Kyd, 87,) which.was cited on the argument, relates to the transmission of a bill by an agent or correspondent to his principal, the holder, and it is also qualified with the remark, “ unless he (the agent) shall be. ordered by him (the holder) to retain the bill, with a prospect of obtaining a discharge from the acceptor.” In the other passage cited from the same book, (Beawes Lex. Her. 461,) it is said, that “ no drawer or endorser is bound to make restitution on sight of the protest alone, nor where one of the set has been accepted, on sight of the protest and unaccepted bill; but he must give satisfactory security to the remitter, on his producing the protest only to make payment, when that and the accepted bill shall be presented.” The security *here required shows the immediate responsibility of [*110] the drawer and endorser, and hnplies that the production of the accepted bill is necessary only when actual payment is demanded.
*128 The proceeding under the commission against the accept- or, could not discharge the responsibility of the antecedent parties. It was an act for the benefit of all concerned, and the pursuit of á remedy to which the plaintiff was entitled; Whether the money was sought to.be recovered in that or-in any other Way,, the effect must be the same,, and cannot vary the rights of the parties.(a)
But the plaintiff -ought not to be allowed the 20 per cent damages: the practice on this point we believe to be settled. The reason for that allowance does not apply where a bill- is remitted to pay an antecedent, debt.
Judgment for the plaintiff.

а) S. P. Per Lord Eldon in English v. Darley, 3 Bos. & Pul. 61. And see Ex parte Wilson, 11 Ves. 412. Stock v. Mawson, 1 Bos. & Pul. 286. Langdalc v. Parry; 2 D. & R. 337. Pothier de change, n. 179. Chit. on Bills, 301, arid n. Story on Bills, §. 435.