The People, *ex rel.* Michael Edick, *vs.* Osborn and others, Judges of Herkimer C. P.

On an appeal to county judges from the determination of commmissioners of highways relative to the laying out of roads, the commissioners must have *notice in writing* of the time and place of the meeting of the judges; the attendance of a majority of the commissioners, *it seems,* would be a waiver of notice, but the attendance of one commissioner only will not have that effect.

So, notice must be given to the occupant of the land through which the road is contemplated; and his attendance as a *witness* before the judges will not be deemed a waiver of notice.

Certiorari to remove the proceedings of judges in laying out a highway in the town of German Flatts, Herkimer county. The commissioners, on application, refused to lay out the road; *Jacob Bartlett* and others appealed to the judges, who reversed the determination of the commissioners, and made an order laying out the road through the land of *Michael Edick* and others. The return states that the judges met on the 24th October, 1834,

viewed the route of the road, and *made an order in writing* that the proceedings of the commissioners be reversed, and that the road be laid out pursuant to the prayer of the petition ; that before proceeding to lay out the road, they adjourned to the 1st of November, for the purpose of hearing objections by the owners of the land through which the road passed.　On the 1st of November, they met and *surveyed* the road ; the heirs of *Joshua Randall* made objections, and the judges adjourned to the 10th of November.　They met on the 10th, heard the parties, and on the 13th November made their final order.　No notice in writing was given to the commissioners of highways, nor to the occupants of the lands.　But one of the commissioners met with the judges, and the return states that the judges on the 1st of November went to the house of the son of *Michael Edick,* and informed him of the time and place of meeting.　Whether this was for the meeting on the 1st or the 10th of November, does not appear ; but on the 10th of November *Edick* appeared and was sworn as a witness.

*J. A. Spencer,* for the people.

*M. T. Reynolds,* contra.

*By the court,* BRONSON, J.　The judges had no jurisdiction to proceed on the appeal, until a notice of eight days of the time and place of meeting had been served on the commissioners.　1 *R. S.* 518, § 87, 88.　The notice should be in writing.　*Gilbert* v. *Columbia Turnpike Co.,* 1 *Johns. Cas.* 107.　Although the notice need only be delivered to one of the commissioners, it is a notice to all ; and the one who receives it should give information to the other commissioners.　Had all or a majority of the commissioners met with the judges, it would, perhaps, be a sufficient answer to the objection ; but it is not enough that one of the commissioners was present.　It cannot be inferred from that fact that all of the commissioners were advised of the proceeding, even if a notice by parol was sufficient.　If the commis-

sioners can waive such a notice as the statute requires, there has in this case been no such waiver by a majority of those officers.

A notice in writing of three days to the occupant of the land through which the road is to run, was also necessary before the judges could proceed to lay out the highway.  1 *R. S.* 519, § 91, *and p.* 514, § 62.  Edick had no personal notice, either verbal or written.  The information given to his son was of no importance.  And besides, it is impossible from the return to say whether that was a notice for the meeting of the judges on the day the notice was given, or for their subsequent meeting on the 10th of November.  The fact that Edick was sworn as a witness on the 10th of November does not establish a waiver of legal notice.  So far as appears, he came there in obedience to process of *subpœna*, (§ 89,) without having had an opportunity of preparing to enforce his objections to the road.  It seems, also, from the return, that the judges decided the whole merits of the controversy at their first meeting on the 24th of October, before Edick had ever heard of the appeal.  They viewed the route of the road, and made an order in writing that the proceedings of the commissioners be reversed, and that the road be laid out pursuant to the prayer of the petition.  Their subsequent meetings seem only to have been held for the purpose of making a *survey* or an actual location of the highway, and not for the purpose of deciding the main question involved in the appeal.

Proceedings reversed.