BROWNELL v. SWIFT. See Case No. 13,-695.

=====

## Case No. 2,040.

### BROWNING v. ANDREWS.

[3 McLean, 576.] [1]

Circuit Court, D. Michigan. June Term, 1845.

NEGOTIABLE INSTRUMENTS—DEMAND OF PAYMENT—BANKS—OFFICERS.

1. When a note is deposited with a bank for collection, when due, it is a sufficient demand if the teller of the bank, presenting the note, inquires of the book-keeper whether a deposit has been made to pay the note, and is informed that there are no funds to pay it. [See note at end of case.]

2. The demand is good though the teller acted as clerk of the notary public who protested the note.

3. The teller represented the bank, and it was responsible for the money if paid.

4. The notice was made out by the clerk, but signed by the notary, and the court will

not presume a. fact, not proved, against the face of the paper.

[At law. Action upon a promissory note. Defendant moves for a new trial. Denied.]

Joy & Porter, for plaintiff.
Hand, for defendant.

OPINION OF THE COURT. This is a motion for a new trial. The plaintiff brought this action against the defendant as indorser of a promissory note, payable at the Bank of Michigan. At the trial the defendant objected to the evidence of the presentment of the note to the bank, and demand of payment when it became due; and also as to the sufficiency of the notice. The objections were overruled and the evidence was permitted to go to the jury, with a reservation of the questions of law.

1. The note was presented to the bank and a demand of payment made, by the clerk of the notary, who, it is alleged had no authority to make the demand. This point was raised in Sacrider v. Brown [Case No. 12,-205], but it was not decided, as the decision turned upon the illegality of the protest. In that case the court referred to Leftley v. Mills, 4 Term R. 175, to the views of Mr. Chitty and his correspondence with the associations of notaries of Liverpool and London on the subject, and to the 3d and 4th of Hill's reports, and the court say: "If it were admitted that a notary's clerk may make a demand of payment, yet it is very clear that the clerk cannot make the protest." From the evidence in this case it appears the note was deposited in the bank for collection, that Alexander H. Sibley, the teller of the bank, was the clerk of the notary, and when the note became due he inquired of the book-keeper whether any funds had been deposited to meet the note, who replied, after examining the books, that no such deposit had been made. The teller at the time held the note in his hands, presenting it to the book-keeper. We think this was a sufficient demand. The bank had possession of the note for collection and was responsible for it. The note was payable at the bank, and it was the duty of the maker to deposit funds. for that purpose. No deposit was made, and this fact being ascertained by the book-keeper, who enters all deposits, at the request of the holder of the note, nothing more was necessary. Had the funds been placed in the bank the possession of the note by the bank would have authorised the teller to deposit them to the credit of the plaintiff. In Bank of Utica v. Smith, 18 Johns. 231, the court decided, "that a demand of payment of a note by a notary, or a person having a parol authority for that purpose, or the lawful possession of the note, is sufficient." The note, on payment, would have been surrendered, and wherever this may be lawfully done by the holder, he may make the demand.

[1] [Reported by Hon. John McLean, Circuit Justice.]

2. It is insisted that the notice was insufficient. In support of this objection a late decision of the supreme court of Michigan is referred to, as governing the question of notice. The notice was directed to the defendant informing him, that the note of John H. Gatts for $428.87 indorsed by the defendant and payable at the Bank of Michigan, was protested for non payment on the 9th of July, 1838, and that the holders look to him for payment. The form of this notice seems to have been taken from the one sanctioned by the supreme court in the case of Mills v. Bank of U. S., 11 Wheat. [24 U. S.] 431 "The law has prescribed no particular form of such notice. The object of it is merely to inform the indorser of the non payment by the maker, and that he is held liable for the payment thereof." Bank of Alexandria v. Swann, 9 Pet. [34 U. S.] 33. "The notice is sufficient if it state the non payment: and it is not necessary to state expressly, for it is justly implied, that the holders look to the indorser." 3 Kent, Comm. (2d Ed.) 108; Lenox v. Leverett, 10 Mass. 1; Wallace v. Agry, [Case No. 17,096]; Kenworthy v. Hopkins, 1 Johns. Cas. 107. The late decision in Michigan, not yet reported, is understood to overrule the above cases and what has, heretofore, been considered the settled law upon the subject in this country and in England. Whether this be the case or not can be of but little importance to this court. The question is not local and does not arise under any statutory provision. Notice is required by the statute, but the form of the notice is not given. Indeed, had a form been adopted by statute, essentially changing the form which has been observed here and in England for more than half a century, and which has been sanctioned by courts that recognize the law merchant, we should hesitate to give the statute a retrospective effect. It would seem vitally to bear upon prior contracts, in changing the nature of their obligation. The courts of the United States follow the settled construction of the statutes of a state, by its supreme court. But the above is a question of general commercial law, and does not depend upon the construction of a statute. The reason which influences the supreme court to follow the states in the construction of their statutes, it would seem, should influence the state courts to follow the rule of decision of the supreme court of the Union on questions of general law.

The notice purports to have been signed by Henry R. Sanger, notary public, and the body of it is in the hand writing of Sibley, the teller of the bank. It seems to have been the practice of the notary to leave blank notices signed by him with Sibley, who filled them up and gave them the proper directions, but the witness is not able to state whether, in this case, the name of the notary was signed to the notice before or after it was filled up. As the signature of the notary is proved to be genuine, the court will not presume a fact, nor should a jury be authorized to do so, against the face of the paper. The motion for a new trial is overruled, and judgment.

[NOTE. Where a promissory note is made payable at a particular bank, there is a sufficient demand if the note is in the possession of the bank at maturity. Fullerton v. Bank of U. S., 1 Pet. (26 U. S.) 604; Beeding v. Thornton, Case No. 1,228; Bank of U. S. v. Smith, 11 Wheat. (24 U. S.) 171; Bank of U. S. v. Carneal, 2 Pet. (27 U. S.) 543. Presentment of such a note during banking hours is sufficient. Camden v. Doremus, 3 How. (44 U. S.) 515. So is the examination by the bank of the maker's account. Bank of U. S. v. Smith, 11 Wheat. (24 U. S.) 171. There is a sufficient demand where a bank delivers a note to a notary after banking hours for protest, informing him it has no funds of the maker. Bank of U. S. v. Carneal, 2 Pet. (27 U. S.) 543. But there is no presentment or demand if the presence of the bill in the bank is unknown to the cashier. Chicopee Bank v. Seventh Nat. Bank, 8 Wall. (75 U. S.) 641.]