## SUPREME COURT.

THE PEOPLE *ex rel.* FEDERAL DANA agt. JOHN ROBERTSON and others, Commissioners of highways of the town of Fenner.

Where referees appointed by a county judge to hear an appeal from an order of commissioners of highways refusing to lay out a road, reverse the decision of the commissioners, and proceed to lay out the road, they must give the *three days' notice* to occupants required by the statute, (1 *R. S.* 514, § 62,) in order to

give them jurisdiction to proceed. That is, their proceedings in laying out the road without giving such notice are void for want of jurisdiction.

*Madison Special Term, December,* 1858.

MOTION for a peremptory mandamus.

MASON, Justice. This case comes before the court on a motion for a peremptory mandamus to compel the commissioners of highways to open a road. The jury of freeholders certified the road to be necessary, and commissioners refused to lay the road, and they appealed to the county judge, and he appointed referees, who after hearing the case, reversed the order of the commissioners, and laid out the road, and the defendants must be compelled by the writ of mandamus to open the road, unless the objections to the proceedings show that the order of the referees laying the road is invalid, on account of defects in their proceedings, which affect their jurisdiction to make the order. These will now be considered. The application to lay out a new road and discontinue an old one, may be embraced in same application, (2 *Hill's R.* 443,) and whether the proceedings to discontinue the old road are valid or not, will not affect the new road, if that is properly laid out.

There is nothing in the objection that the referees laid out the road on a route differen tfrom that embraced in the application. The referees are undoubtedly limited to the route certified by the freeholders. (1 *Cow. R.* 142; 2 *W. R.* 453.) There has been a substantial compliance with this requirement in the case before us.

The referees, however, most certainly erred in laying out the road, without giving three days' notice to occupants of the lands through which this road runs. (1 *R. S.* 514, § 62.) Chapter 455 of the Laws of 1847, section 8, declares that these referees shall possess all the powers and discharge all the duties heretofore possessed and discharged by the three judges, and give the same notices heretofore required to be given under said title referred to. The 87th section of the road act,

requires them to give written notice to the highway commissioners of the time and place at which they convened to hear the appeal. (1 *R. S.* 518, §§ 89, 91.) The notice must be served eight days before the time fixed for hearing the appeal, and on this notice the appeal is heard, and if they affirm the order no other notice is required ; if, however, they reverse the order of the commissioners, refusing to lay out a road, then the 91st section requires them to proceed and lay out the road applied for, and it declares that in doing so, they shall proceed in the same manner in which commissioners of highways are directed to proceed in like cases. (1 *R. S.* 519, §§ 91, 95.)

Now, the 62d section requires the commissioners of highways before they shall determine to lay out the highway, to give the three days' notice to the occupants of the lands of the time and place at which they will meet to decide on the application ; and the case of *The People* agt. *The Judges of Herkimer County*, (20 *W. R.* 186,) decides that the judges must give this notice. And such is the plain reading of the statute, and the referees, as we have seen, are required to give the same notices. This notice is indispensable to give the referees jurisdiction to proceed.

The motion for a peremptory mandamus must, therefore, be denied, with costs.