### TERPENING *vs.* SMITH.

The 8th section of the act of 1847, (*Laws of* 1847, *p.* 584,) which provides for the appointment of referees to hear and determine appeals from orders of commissioners of highways, laying out, altering, &c. or refusing to lay out or alter any road, and declares that the referees "shall possess all the powers and discharge all the duties heretofore possessed and discharged by the three judges," virtually revived section 91 of the Revised Statutes (1 *R. S.* 519) which had been repealed by chapter 180 of the laws of 1845; and places the referees in the same position as the judges were in, under that provision.

Consequently, upon an appeal from an order of commissioners of highways, refusing to lay out a highway, the referees appointed by the county judge to hear and determine the same, must give three days notice, in writing, to the occupant of land through which the road is contemplated, of the time and place at which they will meet, to determine the appeal. Unless such a notice is given, an order made by the referees, reversing the decision of the commissioners, will be void, and will furnish no justification for an entry upon the land, by a person claiming that the same is a public highway duly laid out by the referees.

THIS was an action of trespass, brought to recover damages for a wrongful entry, &c. by the defendant upon the plaintiff's lands in Summit, Schoharie county. It was tried at the Schoharie circuit, in May, 1862, before Justice PECKHAM and a jury. On the trial the defendant admitted that the title to the *locus in quo* was originally in the plaintiff, but claimed to justify the entry, on the ground that the premises were a public highway, duly laid out by referees appointed by the county judge of the county of Schoharie, on an appeal from an order of the commissioners of highways of the said town of Summit, refusing to lay out said highway. The defendant proved the taking of the several steps required by law to lay out and open a highway. The plaintiff insisted that the laying out of the road afforded no justification whatever for the trespass, because the referees had not given a notice of three days, in writing, to the plaintiff, an occupant of the land, that they would meet to hear and determine the appeal. The court thereupon decided that the proceedings furnished no justification whatever for the trespass. The defendant then introduced evidence showing that

the plaintiff was upon his own premises, near the referees, when they were examining the route, on the day they laid out the road. . The judge decided that this was no excuse for not giving the notice required by the statute ; that three days' notice in writing, of the time and place of meeting of the referees, was necessary ; and for that reason he directed a verdict for the plaintiff; ruling that the only question was one of damages. To which decision the defendant excepted. The jury found a verdict in favor of the plaintiff, for ten dollars. The defendant served a bill of exceptions, which the court ordered to be heard at the general term, in the first instance.

*H. Smith,* for the appellant.

*A. Becker,* for the respondent.

*By the Court,* MILLER, J. The main point urged by the defendant is that the judge, upon the trial, erred in deciding that the referees should have given three days notice to the occupants, of the time and place of meeting to hear and determine the appeal, and that the order of the referees, reversing the decision of the commissioners, was void and furnished no justification for the acts of the defendant, and the defendant was therefore a trespasser.

To determine this question, it is necessary to understand the legislative requirements on the subject. Under the Revised Statutes, (1 *R. S.* 514, § 62,) before the commissioners of highways shall determine to lay out a highway, they are required to give at least three days' notice, in writing, to the occupant of the land through which the road is to run, of the time and place at which they will meet to decide on the application to lay out the highway. By section 91, 1 Revised Statutes, 519, where an appeal was made from the determination of the commissioners refusing to lay out or alter a road and the judges reversed such determination, they

were required to lay out or alter the road applied for; and in doing so, to proceed in the same manner as commissioners of highways are directed to proceed in like cases.

Under these provisions there is no dispute but three days' notice to the occupant was necessary. (*The People* v. *Judges of Herkimer C. P.* 20 *Wend.* 186.) It is, however, insisted that section 91, before referred to, was repealed by chapter 180 of the laws of 1845, and that the law in this respect has been changed; no such notice being now necessary.

Prior to the act of 1845, it was the duty of the judges who reviewed the proceedings of the commissioners, if the decision was reversed, to lay out the road. The act of 1845 changed the law in this respect, and made it the duty of the commissioners, and not of the judges, to lay out the road after there had been a final determination of the appeal. (*Laws of* 1845, *ch.* 180, § 13.) The thirty-sixth section of the same act repealed all statutory provisions inconsistent with it. Even if section 91 is repealed by the act of 1845, I have serious doubts whether the notice, required by section 62, is entirely dispensed with. It is, however, unnecessary to discuss that question, as the act of 1845, which had but a brief existence, was followed by the act of 1847, which altered and amended the act of 1845, so as to make it harmonize and conform to the provisions of the constitution of 1846, which had abolished the old court of common pleas. The eighth section of the act of 1847, (*Laws of* 1847, 584,) provides for the appointment of referees to hear and determine appeals, and that the referees "shall possess all the powers and discharge all the duties heretofore possessed and discharged by the three judges."

I think this provision virtually revives section 91, and places the referees in the same position as the judges were in under that provision.

In the case of *The People* v. *Barber*, (12 *Barb.* 193,) it was held that where referees reverse the decision of the com-

missioners, it is their duty to proceed and lay out the road as directed by the 91st section of the Revised Statutes.

I think that the three days' notice in writing to the occupant was necessary, and the judge's ruling upon the trial, upon that point, was correct.

The views I have expressed are supported by the case of *The People* v. *Robertson*, (17 *How. Pr.* 74,) which appears to have been well considered, and I think was properly decided. Nor are they in conflict with *The People* v. *The Commissioners, &c. of Cherry Valley*, (4 *Seld.* 476.)

I discover no evidence of a waiver of the service of the notice upon the plaintiff, nor that he assented in any way to the proceedings ; and I think there was no error in the charge of the judge, or in his refusal to charge. The case was submitted to the jury with proper instructions, and the judgment must be affirmed.

Judgment affirmed.

