THE PEOPLE ex rel. CHARLES C. WILLIS v. JAMES P. SMITH, OSCAR B. WILLIS and JOHN H. TREADWELL, COMMISSIONERS OF HIGHWAYS OF THE TOWN OF NORTH HEMPSTEAD, COUNTY OF QUEENS AND STATE OF NEW YORK.

*Laying out of highways — notice to owners — recital in order — effect of.*

Commissioners of highways acquire no jurisdiction to make an order laying out a highway, until notice in writing has been given to the occupants of the lands through which the road is to run, as required by section 77, article 4, part 1, title 1, chapter 16 of the Revised Statutes.

The order contained the following recital: " and notice in writing of at least three days having been given in form of law " to the occupants of the lands through which the highway was to run. *Held*, that this recital was not proof of the facts therein stated.

CERTIORARI to review the proceedings of the commissioners of highways of the town of North Hempstead, in laying out, straightening and widening a highway in said town.

*Elias J. Beach*, for the relator.

*Wm. H. Onderdonk*, for the respondents.

BARNARD, P. J.:

The commissioners never acquired jurisdiction to make the order laying out the road in question. By statute, before they could lay out such highway, after it was certified to by the jury, they must have given three days' notice in writing to the occupants of the land through which the road is run, of the time and place at which they would meet to decide on the application. (§ 77, art. 4, part 1, title 1, chap. 16, R. S.)

The only proof of the service of this notice is a recital in the order of the commissioners laying out the road, as follows: " and notice in writing of at least three days having been given in form of law," to * * * occupants of the land through which said highways are to run. This recital is not proof of the fact stated.

The writ of certiorari was granted for this omission, among others, on the sworn statement of one of the occupants, that he

was not served with such notice, and he is one of the persons stated in the recital to have been served. The omission to give the notice was fatal. (*People* v. *Supervisors of Allegany*, 36 How., 547; *People* v. *Robertson*, 17 id., 75; *People* v. *Judges of Herkimer*, 20 Wend., 186.)

This conclusion renders unnecessary the consideration of the other points presented.

Proceedings reversed, with costs.

Present — BARNARD, P. J., TALCOTT and PRATT, JJ.

Proceedings of commissioners of highways reversed, with costs.