PEOPLE ex rel. SMITH et al. v. ALLEN.

(Supreme Court, Appellate Division, Fourth Department. February 3, 1899.)

1. HIGHWAYS—ESTABLISHMENT—NOTICE TO LANDOWNERS.
 Under Highway Law, § 85 (1 Rev. St. [9th Ed.] p. 697), requiring notice of proceedings for the opening of a highway to be personally served on the occupant and owner of the lands through which it runs, proceedings for establishing a highway are void as to lands across which it is to run, whose occupants and owners were not served with notice.

2. SAME—SERVING NOTICE ON WRONG PERSON.
 Proceedings for the establishing of a highway are void, even though a person whom the commissioners supposed to be the owner and occupant was served with notice, and participated in the proceedings.

3. SAME—MANDAMUS TO HIGHWAY COMMISSIONER—DEFENSES.
 The fact that want of jurisdiction to lay out a highway might be urged in the proceedings had in the county court for establishing it does not estop the commissioner of highways from urging such want of jurisdiction as a defense to mandamus proceedings to compel him to open such highway after its establishment.

Appeal from special term, Lewis county.

Application by the people, on the relation of Isaac L. Smith and another, for mandamus to James E. Allen, commissioner of highways of West Turin, to compel respondent to open a highway. From an order awarding a peremptory writ, respondent appeals. Reversed.

Appeal from an order of the Jefferson special term, made on the 7th of June, 1898, ordering the issuance of a peremptory writ of mandamus com-

manding James E. Allen, commissioner of highways of the town of West
Turin, to forthwith proceed to open and work and put in condition, suitable
and proper for public travel thereon, all that part of said proposed highway,
situate in the said town of West Turin, particularly described in the order.
On the 3d day of October, 1894, Isaac L. Smith and Walter H. Millard pre-
sented their petition to the county judge of Lewis county, asking for the
appointment of three commissioners to lay out a highway in the towns of
Turin and West Turin, upon the route therein particularly described. On
that day, the county judge made an order appointing three commissioners to
examine as to the necessity for laying out said highway, and to assess the
damages caused thereby. On the 25th of October, the commissioners met to
view the proposed highway, and to take testimony in relation to the neces-
sity of the said proposed highway and the damages caused thereby. On the
25th of May, 1895, they made a decision wherein they decided that the pro-
posed highway was necessary, and ordered the same to be laid, and assessed
the damages of the persons named in the application, which order was filed
May 27, 1895, in Lewis county clerk's office. On the 25th of June, proceed-
ings were taken before the county judge upon a motion for confirmation, and
the county judge made an order confirming the same, which was entered
December 4, 1895. In December, 1895, James E. Allen, as commissioner, and
Charles F. Taylor, as supervisor, of the town of West Turin, made a petition
to obtain a writ of certiorari to review the proceedings, and in the petition it
was stated, viz.: "That Jennie L. Whittlesey was the owner in fee of the
equal undivided one-half part of about eighty-two acres of land in the town
of West Turin through which said proposed highway ran, and through which
it was laid by the commissioners by the order above referred to; that, by rea-
son of that fact, said commissioners had no power or jurisdiction to lay said
highway without notice to said Jennie L. Whittlesey; that no notice of the
proceedings, nor any part thereof, was given her; that her deed of said
premises was duly recorded in the Lewis county clerk's office, January 14,
1890, in Book No. 80 of Deeds, at page 248; that the objection to said pro-
ceedings on account of want of notice to her was duly and timely taken upon
said proceedings, and overruled by said commissioners; that the executor
and trustee of the last will of Gertrude M. Whittlesey was the owner in fee
of the equal undivided one-half part of said eighty-two acres of land, and
her title was evidenced by the deed referred to in the preceding paragraph
of this petition; and the same objection was taken to said proceedings on
account of her title, and the want of notice to said executor and trustee, as
in the case of Jennie L. Whittlesey, above mentioned, which objection was
overruled by said commissioners." A motion was made at special term to
dismiss the certiorari, and was denied on the 28th of December, 1895. An
appeal was taken from that order, and was brought to argument, and de-
cided by this court, July, 1896, reversing the order, and quashing the writ
of certiorari. The opinion delivered in behalf of the court is found reported
in 8 App. Div. 395, 40 N. Y. Supp. 839 (People v. Turner). On the 28th of
May, the relators gave notice of a motion for the Jefferson special term ask-
ing a peremptory writ of mandamus. In opposition to the motion, the appel-
lant appeared, and read an affidavit, in which he claimed the proceedings
were void for the following reasons: "No notice of any of the proceedings
or hearing before the commissioners was given to two of the landowners
through whose lands the proposed highway ran, to wit, E. B. Woolworth,
who held the one-half interest and title in about eighty-two acres of land, as
executor and trustee under the last will and testament of Gertrude Whit-
tlesey, deceased, and Jennie Whittlesey, of Lyons Falls, N. Y., the wife of
Walter Whittlesey, who owned the undivided one-half of the same lands, and
who for many years last past resided upon and occupied said premises. The
title of said parties was recorded in the clerk's office of Lewis county in Book
No. 80 of Deeds, at page 248, and the possession and occupation of said prem-
ises by said Jennie Whittlesey was open and notorious, and had been for a
long time previous to the date of said proceedings." It was also stated in
the affidavit that Woolworth and Jennie Whittlesey had refused to receive
the compensation allowed by the commissioners for the right of way across
said premises, to wit, $150, which allowance was made to Walter Whittlesey,

and not to the owners, or either of them. The affiant also stated that said parties "have served notice upon deponent that if he enters upon said premises, and undertakes to open said highway, he will be sued and enjoined." He also produced and set out in his affidavit a letter which he had received from an attorney, advising him that no lawful highway had been laid over the Whittlesey farm, and that any one who attempts to open such supposed road will be enjoined at once.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, McLENNAN, and SPRING, JJ.

Walter Ballou, for appellant.

H. H. Ryel, for respondents.

HARDIN, P. J. Section 82 of the highway law (1 Rev. St. [9th Ed.] p. 695) provides, viz.:

"Any person or corporation assessable for highway labor, may make written application to the commissioners of highways of the town in which he or it shall reside, or is assessable, to alter or discontinue a highway, or to lay out a new highway."

Sections 83 and 84 provide under what circumstances application may be made to the county judge for the appointment of commissioners. In section 85 it is provided that the applicant shall cause at least eight days' written or printed notice to be posted in not less than three public places in the town, specifying as near as may be the highway to be laid out, altered, or discontinued, the tracts or parcels of land through which it runs, and the time and place of the meeting of the commissioners appointed by the county court to examine the highway, as mentioned in the last section. The section further provides, viz.:

"Such notice shall also, in like time, be personally served on the owner and occupant of the land, if they reside in the town, or by leaving the same at their residence with a person of mature age; if they do not reside in the same town, or service cannot be made, a copy of such notice shall be mailed to such owner and occupant, if their post office address is known to the applicant or ascertainable by him upon reasonable inquiry."

No notice was served in any manner upon Jennie Whittlesey or E. B. Woolworth. The omission is fatal to the proceedings so far as they affect the property of those respective owners and occupants. Doubtless, the parties conducting the proceeding supposed the property was owned and occupied by Walter Whittlesey. Indeed, the commissioners who made the award of $150 declared it to be to Walter Whittlesey for damages sustained in crossing the 82 acres of land. The owners and occupants of the land were clearly entitled to the notice mentioned in the section just quoted, and, because of the absence of that notice, their land is not bound by the proceedings had, however effectual they may be as to the other parties who have received proper notice.

It is contended in behalf of the respondents that certain objections were taken or might have been taken in the proceedings in the county court, and that the commissioner of highways ought not to be heard in opposition to the application for a writ for peremptory mandamus to raise the objections which he seeks in his affidavit before the special term. We think the contention is not sound.

In People v. Commissioners of Highways of Town of Seward, 27 Barb. 94, it was held that a jurisdictional fact was open to contradiction. It was further held:

"The proceedings by mandamus, to compel commissioners of highways to open a road, should not be resorted to where its necessary effect would be to subject the commissioners to an action for trespass. If the facts show a want of jurisdiction, so as to make the proceedings entirely void, this is a sufficient ground for not awarding a peremptory mandamus. Commissioners of highways are not estopped by the fact that they have assumed an unlawful authority, and acted under it, from asserting their want of jurisdiction, and refusing to proceed further, whenever they discover their error."

Under the Revised Statutes (1 Rev. St. p. 514, § 62), a notice in writing of three days to the occupant of the land through which the road was to run was necessary before the judges could proceed to lay out the highway. In the absence of such a notice, it was held in People v. Osborn, 20 Wend. 186, that the proceedings were unauthorized. In People v. Robertson, 17 How. Prac. 76, in referring to the same provision of the Revised Statutes requiring the three-days notice, it was said: "This notice is indispensable to give the referees jurisdiction to proceed." In that case a motion for a peremptory writ of mandamus was denied.

It is alleged that Walter Whittlesey has consented to the proceedings, and that he had notice thereof, and that he took part in the inquiry as to damages that should be awarded for crossing the 82 acres of land, and that the commissioners acted upon the assumption that he was the owner and occupant. Doubtless, so far as he was concerned, the proceedings might be held efficient; but they are wholly inefficient as to Jennie Whittlesey and E. B. Woolworth; and therefore the commissioner of highways ought not to be required to take steps to open the highway across their lands, and thus subject him to an action for trespass. We think the order allowing a peremptory writ of mandamus should be reversed, with costs.

Order reversed, with costs. All concur.