In the Matter of the Application of WILLIS B. JOHNSON, Petitioner, for an Order of Mandamus against CARL KEESLER, Superintendent of Highways of the Town of Kirkwood, Respondent.

Supreme Court, Broome County, November 14, 1930.

*Brown & Swartwood,* for the petitioner.

*Hinman, Howard & Kattell,* for the respondent.

SENN, J. This is a mandamus proceeding to compel the respondent, as superintendent of highways of the town of· Kirkwood, Broome county, N. Y., to repair and make passable for safe and convenient public travel a certain highway in said town two rods wide and running from the Bartlett road (so called) easterly about eighty rods to the farm and premises now owned by Willis B. Johnson, the petitioner.

The road in question is commonly known as the Gurnsey road, and its history is briefly this: In the year 1850, on the consent of the owners of the land through which it ran, the commissioner of highways of the town of Conklin laid out a private road for Joseph Gurnsey. It was two rods wide and ran from the road called the Bartlett road easterly about eighty rods to the premises of said Gurnsey and so came to be known as the Gurnsey road. It was in what is now the town of Kirkwood. It was used as a roadway for a time but had fallen into disuse and was wholly abandoned many years before 1921.

On March 2, 1921, a written request was presented to the superintendent of highways of the town of Kirkwood, asking him to repair the road which runs through the southerly side of the lands of George V. Laughlin and through the northerly side of the lands of Bayless and Crawford, Henry V. Finch and the State of New York to the lands of James H. Johnson. This probably referred to the old Gurnsey road, James H. Johnson having acquired the farm formerly of Joseph Gurnsey. It was signed by George Laughlin, M. Adeline Bayless and Henry V. Finch, who in the body of the request called themselves taxpayers of the town of Kirkwood. They were in fact owners of most of the land through which the road was to run. The State of New York, owner of a farm through which the road was to pass, and Lillian Crawford, who was a part owner with M. Adeline Bayless, did not sign or join in the request.

Acting on this request, the town board passed a resolution " that the Superintendent of Highways repair and put in safe condition for public travel, as soon as the same can be worked, the Gurnsey road."

Pursuant to this resolution the road in question was laid out two rods wide on substantially the route of the old Gurnsey road, except that about one-half of the westerly part was made to bear to the north of the old road on account of a gully or depression which had formed, due to a stream running along the old roadbed. This resulted in much more than half of the westerly part of the road being on the premises of George Laughlin. While not in so many words so stated in the request, it was the evident intent that the northerly rod or half of the road should be on Laughlin's premises and the southerly half on the premises of the owners of the land to the south. It is claimed for the relator that Laughlin himself was present at and assisted in the laying out of the road and directed its location, thus estopping himself from now raising the question. He vigorously denied having given any such direc-

tions. However, a roadway was plowed up, sluices put in and a fairly passable road was made from the highway to the premises of the petitioner at a cost of about $400 and this new road was worked during the years 1921, 1922, 1923, and perhaps 1924, the costs being paid out of funds provided by the town. During that time the road was open to the public but used mostly by the petitioner and those having occasion to drive to his premises and to a certain extent as a rear farm exit by the adjoining owners of the land to the south.

It is conceded that at the time when the new road was ordered to be worked, the so-called Gurnsey road had no legal existence and was of no importance except to generally indicate the location of the new road. For convenience I will hereafter call the new road the " Gurnsey road."

About September 29, 1925, at the instance of the same George Laughlin who signed the request to open the road, the town board adopted a resolution " That the Town of Kirkwood, N. Y., disown what is known as the Gurnsey Road," and caused a notice to be posted at the junction of this road with the Bartlett road which read: " Road closed by order of the Town Board." Thereafter no work was done on this road and it gradually became and now is wholly impassable.

Soon after the passing of the resolution to reopen this road the petitioner, Willis B. Johnson, relying on its being opened, and probably believing that it was to be a permanent public highway, purchased from his father, out of the James H. Johnson farm, a ten-acre parcel of land located at the easterly end of the road, and proceeded to build and establish his home there. It was his only means of exit to the main highway, except that he could drive northerly to his father's residence, access from which to the highway was had by a private road which passed over the Laughlin farm some distance northerly of the Gurnsey road. It is claimed that subsequent to the repair of the Gurnsey road, the petitioners and others have used this other road or private drive in going to and coming from the petitioner's home, and that since the Gurnsey road has become impassable the private road mentioned is used entirely for that purpose.

However that may be, there is no question in my mind but that the abandonment of the Gurnsey road is a matter of serious damage to the petitioner. There is much in his claim which appeals to me and I would be quite disposed to grant the relief asked except for one legal difficulty which to me seems insurmountable, and that is the fact that the State of New York and Lillian

Crawford, owners of a part of the land through which the road was to pass and actually was laid out, never expressly or by implication dedicated or released their land. Their acquiescence for three or four years could not on any legal theory be so construed, especially when they personally had no knowledge of the legal status of the road. In order to estop them under the rule laid down in *City of Cohoes* v. *D. & H. Co.* (134 N. Y. 397) it would have to appear that the highway had been so used for twenty years, when the presumption of a grant of the right of way would spring from the mere lapse of that period in connection with the adverse user by the public.

The intent of all concerned was to lay out a road two rods in width, and under section 191 of the Highway Law (as amd. by Laws of 1922, chap. 266) a highway by dedication must be at least that wide. The town board could not on any theory legally lay out this road as a public highway; therefore, it was not and could not, on the existing state of facts, be a public highway and it follows that, for that reason alone, mandamus will not lie. (*People ex rel. Smith* v. *Allen*, 37 App. Div. 248.)

If I am correct in this conclusion, all the other questions raised are beside the point and need not be considered.

Except for the reason stated I might hold, under the rule laid down in *City of Cohoes* v. *D. & H. Co.* (*supra*), that the petitioning landowners, although not using that language, intended to and did dedicate their land for use as a public highway and that the town board, in passing the resolution, intended to and did accept it as such, and that after such acceptance the owners were estopped from revoking their offer and that the circumstances of the opening and working of the road did constitute the road in question a public highway, although such a construction would be resolving every doubtful point in the petitioner's favor. The fact that the town board acted under the mistake of fact that the old Gurnsey road was believed to be a public highway or the mistaken belief that they were, therefore, legally obliged to repair it, would not prevent such a finding, but would rather accentuate the point that they intended it to be a public highway. Having acted on that intent the public should not be prejudiced if it was founded on erroneous premises.

While it is generally assumed that a highway is a thoroughfare, it is not necessarily so. (*People ex rel. Williams* v. *Kingman*, 24 N. Y. 559.)

I have not given serious consideration to the point that there are no funds in the hands of petitioner available for the work demanded. If I thought the petitioner was otherwise entitled to maintain his action, I would probably have power under section 193 of the

Civil Practice Act to direct the bringing in of the town of Kirkwood as a party defendant, and in that case the mandamus to repair would necessarily imply a command to the town to provide the necessary funds.

For the reasons stated the mandamus asked must be denied and the petitioner's petition dismissed.