THE PEOPLE ex rel. JAMES H. BRESLIN, Respondent, *v.* ABRAHAM R. LAWRENCE, Justice of the Supreme Court, Appellant.

Where, upon hearing on *habeas corpus* before a justice of the Supreme Court, the relator was remanded to custody, and the General Term, on *certiorari*, directed to said justice as such, reversed the order and directed the discharge of the prisoner. *Held,* that said justice was not the proper person to take an appeal to this court; that the decision affected no substantial right of his within the meaning of the Code of Criminal Procedure (§ 519), or of any person of whom he was the legal representative or agent.

*It seems* the appeal in such case should be taken "in the name of the People" by the attorney general or the district attorney. (Code of Civ. Pro., § 2059.)

(Argued November 29, 1887; decided January 17, 1888.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made June 24, 1887, which reversed an order of "Hon. ABRAHAM R. LAWRENCE, Justice said Court," the nature of which, as well as the material facts are stated in the opinion.

*Noah Davis* for appellant. The appeal was properly taken in the name of the appellant. (*People ex rel. Munsell* v. *Court of Oyer and Terminer,* 101 N. Y. 245 ; *People ex rel. N. Y. Society, etc.* v. *Gilmore,* 88 id. 626 ; *People ex rel Lawrence* v. *Grady,* 56 id. 182.)

*Robert G. Ingersoll* for respondent. The appeal was not properly taken. (Code Crim. Pro., § 519 ; Code Civ. Pro., §§ 2058, 2059.)

DANFORTH, J. The relator was arrested by virtue of a warrant issued by a police justice in the city of New York, charging the sale of wines and liquors on Sunday in violation of the statute, and after pleading not guilty, was upon *habeas corpus* before Judge LAWRENCE, remanded to custody. On the application of the prisoner the Supreme Court at General Term allowed a writ of *certiorari,* directed "To the Honorable ABRAHAM R. LAWRENCE, a Justice of the Supreme Court of the State of New York," requiring him to return to that court the record of the *habeas corpus* proceedings. He did so, and upon consideration had, the order of Justice LAWRENCE was reversed, and the prisoner ordered to be discharged from custody. A notice was then served upon the relator's attorney, signed "E. Henry Lacombe, counsel to the corporation," and stating that "ABRAHAM R. LAWRENCE, one of the Justices of the Supreme Court, appeals to the Court of Appeals from the order of the General Term," above described. The counsel in support of the appeal in this court also describe themselves as "counsel to the corporation."

We have considered the case with a desire to reach the question which lies at the bottom of the proceedings and by construing the excise act now in force, dispose of a matter of public importance, but the respondent meets the appeal not only on that point, but by very earnest argument insists that the appellant has misconceived the statute by which the jurisdiction of this court is regulated. The argument has not been successfully answered. The appellant claims that the appeal

1887.]     People ex rel. Breslin v. Lawrence.     **609**

Opinion of the Court, per Danforth, J.

can stand upon the authority of section 519 of the Code of Criminal Procedure. This section declares that an appeal may be taken from the judgment of the Supreme Court in the following cases, and no other:

*First.* From a judgment affirming or reversing a judgment of conviction.

*Second.* From a judgment affirming or reversing a judgment for the defendant on a demurrer to the indictment, or an order of the court arresting the judgment.

*Third.* From a final determination affecting the substantial right of a defendant.

The last subdivision is the one invoked as embracing the case before us. The appellant is Abraham R. Lawrence, not as an individual, but in his judicial character as a "justice of the Supreme Court." He was styled defendant in the court below in that character only, and the object of the proceedings in the General Term was to procure a reversal of an order made by him in his judicial capacity. We are unable to discover that he had an interest in maintaining the order, or that it affects any right peculiar to himself. Nor can he be regarded, as the appellant claims, in the light of a representative of parties who may be really interested, and as such "represent the substantial right of all parties who prosecute or defend in his name." We find no provision of law or practice which makes him a vicarious agent or officer. On the contrary, the Code of Civil Procedure (§ 2059), vests that function in other officers by declaring that "an appeal from a final order discharging a prisoner committed upon a criminal accusation, or from the affirmance of such an order, may be taken in the name of the People by the attorney general or the district attorney." This provision took the place of section 70, part 3, chapter 14, title 1, article 2, page 573, Revised Statutes, which made it the duty of the attorney general to prosecute a writ of error to the court for the correction of errors in case of the discharge, by the Supreme Court, of a prisoner from a commitment upon a criminal accusation. Hence the appellant is not only not aggrieved, he is in no sense

entitled to represent those, if any there are, who have cause to complain of the order made by the Supreme Court.

The learned counsel for the appellant cites in support of the appeal, *People ex rel., etc.* v. *Gilmore* (88 N. Y. 626), In that case, although the order was not reviewable on its merits, the appeal was entertained because the court below had, without authority, imposed costs upon the relator, and so much of its decision was reversed. In the case before us no costs were imposed by the Supreme Court, and neither in that, nor in the other cases also cited (*Munsell's Cases*, 101 N. Y. 245; *Lawrence Case*, 56 id. 182), was the point now before us presented. Whether it could have been it is unnecessary to inquire.

The objection to the proceeding now before us relates to matter of substance. We think it must prevail, and the appeal be dismissed.

All concur.

Appeal dismissed.