PEOPLE ex rel. D , L. & W. R. CO. *v.* COUNTY COURT. 13

Hun.]     Fourth Department, December Term, 1895.

The People of the State of New York ex rel. The Delaware, Lackawanna and Western Railroad Company, Appellant, *v.* The County Court of Onondaga County, Respondent.

*Highways — certiorari — the petitioner and the town are proper parties — the highway commissioner is not — what court may bring in new parties.*

Where proceedings instituted under the Highway Law (568 of 1890), resulting in a decision favoring the laying out of a highway, are reviewed upon certiorari at the instance of a landowner, across whose lands the proposed highway is to be built, the petitioner in the proceedings to lay out such highway may properly be made a party defendant, and be allowed to defend the matter.

He is a person "specially and beneficially interested in upholding the determination to be reviewed," within the meaning of section 2137 of the Code of Civil Procedure.

The highway commissioner of the town in which such highway is proposed to be built has no more interest in the proceeding than any other taxpayer, and is not properly made a party to the proceeding, although he may possibly be the proper officer to make an application to the court that the town be made a party.

A town may properly be made a party to such a proceeding, but this can only be done by the court before which the certiorari is brought to a hearing, an appellate court having no power to do so.

Appeal by the relator, The Delaware, Lackawanna and Western Railroad Company, from an order of the Supreme Court, made at the Onondaga Special Term and entered in the office of the clerk of the county of Onondaga on the 18th day of July, 1895, directing that William A. Gere, the petitioner upon whose application the proceedings, to review which the relator procured a writ of certiorari, were instituted, and Grant M. Armstrong, as commissioner of highways of the town of Geddes, New York, be made parties defendant to the proceedings upon such certiorari, and that they be allowed to defend said proceedings.

*Jenney, Jenney & Stolz* and *Benjamin Stolz*, for the appellant.

*Gill, Stillwell & White*, for the respondent.

Parker, J.:

William A. Gere made application to the County Court of Onondaga county, under the provisions of section 83 of the Highway

Law (Chap. 568 of the Laws of 1890), for the appointment of commissioners to ascertain and determine the necessity of a highway which he proposed to have laid out across the lands of this relator.

The court appointed commissioners and they filed a decision in favor of laying out such highway. Thereupon Gere, " as a party interested in the proceeding," under the provisions of section 89 of such law, applied to such court to confirm this decision. The court confirmed the decision and the relator thereupon obtained a certiorari to review the proceedings so had. It was directed to the County Court, and that tribunal is the only party defendant which appears on the record.

Gere, and Armstrong, who was the commissioner of highways of the town in which the highway is situated, moved at Special Term to be brought in as parties to the proceedings on the certiorari, and an order was granted to that effect. From such order the relator appeals to this court.

Manifestly, it was not the duty of the County Court, upon the return of the certiorari, to appear and defend its proceedings (*People ex rel. Breslin* v. *Lawrence*, 107 N. Y. 607), and manifestly it is but just that whoever is interested in upholding such proceedings should have an opportunity of being heard in answer to such writ.

The provisions of section 2137 of the Code of Civil Procedure were designed to meet just such a case as this. It provides that in the discretion of the court " a person specially and beneficially interested in upholding the determination to be reviewed," may be admitted as a party defendant.

We have no hesitation in holding that a person upon whose motion and in whose favor an order of the court has been granted, is " specially and beneficially interested " in upholding it within the meaning of that section, and judicial discretion is well exercised in giving him an opportunity to do so. Although not deciding the precise question here presented, the case of *People ex rel. Burnham* v. *Jones* (110 N. Y. 509, 512) may be cited as approving these views.

The question whether the highway commissioner should have been admitted as a party defendant is not so easily determined.

When it shall be finally determined that the highway shall be laid

out, it is, by section 98 of the Highway Law (Chap. 568 of the Laws of 1890), made the duty of the commissioner of highways to carry out such determination, and thereafter he has general charge of the same. But until such determination is finally made, he has no part or duty in the proceedings. Evidently the town is interested in them; it has to pay the damages assessed for opening the highway, and all the cost and expenses of the proceedings; but the commissioner seems to have no more interest than any other taxpayer. (*People ex rel. Bevins* v. *Supervisors of Warren County*, 82 Hun, 298.)

It is true that under section 15 of the Highway Law he may bring an action "in the name of the town * * * to sustain the rights of the public in and to any highway in the town," and it may be that by virtue of such power he is the proper officer to apply to bring in the town as a defendant in these proceedings, but whether that be so or not, certainly beyond that he does not in any way represent the town, and has no authority for taking its place as a defendant in such proceedings.

It is suggested by the appellant's counsel that, if we think the town is entitled to notice, we now make an order bringing it in as a party defendant in the proceedings. That can be done, under the provisions of section 2137 (*supra*), only by the court before which the certiorari is brought to a hearing. It cannot be done upon this appeal.

We conclude that the petitioner, Gere, was correctly made a defendant in the proceedings, but that the commissioner, Armstrong, had no such interest as warranted his being made a party.

All concurred.

So much of the order appealed from as makes Commissioner Armstrong a party defendant in the proceedings is reversed. In all other respects it is affirmed. No costs are allowed to either party.