(9 App. Div. 260.)

### In re MILLER.

(Supreme Court, Appellate Division, Second Department. October 27, 1896.)

HIGHWAYS—OPENING—LIABILITY OF TOWN FOR COSTS.

A town is not chargeable with the fees of commissioners appointed in a proceeding to open a road, where the proceeding was vacated after the commissioners had made their report, as Laws 1892, p. 2205 (Highway Law) § 92, requires the town to pay the costs only in case of an assessment of damages by the commissioners.

Appeal from Orange county court.

Application by J. Blackburn Miller for leave to lay out and open a highway in the town of New Windsor, and for the assessment of the damages caused thereby. From an order directing the town of New Windsor to pay the fees of commissioners appointed in a proceeding, said town appeals. Reversed.

Argued before BROWN, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

H. R. Lydecker, for appellant.
Headley & McClung, for petitioner.
W. C. Anthony, in pro. per.
W. F. Cassedy, for Sarah M. Carson.

CULLEN, J. The petitioner, Miller, made application to lay out a new highway. On his petition the county court appointed commissioners to determine whether the proposed highway was necessary, and to assess the damages by reason thereof. The com-

missioners reported in favor of the highway, and assessed the damages occasioned by laying out the same. The proposed highway, however, ran through the brickyard of one Sarah M. Carson. She did not consent to the laying out of the highway through her land, nor did the highway commissioners of the town certify that the public interests would be promoted by the opening of the highway. After the commissioners appointed by the court had made their report, Carson and the town of New Windsor moved to vacate all the proceedings for laying out the highway, on account of the failure to obtain such consent or certificate. The application was granted, and the court imposed on the petitioner, Miller, the costs of Mrs. Carson, and directed the town to pay the fees of the commissioners appointed to assess the damages. From the order imposing upon it the payment of such fees, the town has taken this appeal.

We entirely agree with the contention of the commissioners of appraisal that they should be paid for their services, but we are of opinion that that expense should not be imposed on the town. The general plan and policy of the statute are plain. Any person assessable for highway labor in a town may make application to lay out such highway as he desires. When application is made, the applicant is required to give an undertaking, with sureties, that in case the commissioners determine against the highway he will pay the fees of the commissioners, and costs of the proceeding, not exceeding $50. Highway Law, § 83. In case of assessment of damages by commissioners appointed by the court, the costs are directed to be paid by the town. Id. § 92. It was plainly intended that in case the proposed improvement should be carried into effect the costs and expenses occasioned by it should be defrayed by the town, but in case of a determination adverse to the proposed improvement the expense should be borne by the applicant. This is just, as the proceedings are instituted, not by the town, but by the applicant, at his own election. It is contended that the rule does not apply to the present case, because the commissioners appointed by the court did not report against the proposed highway, but the proceeding failed, from the absence of the necessary consent of the owner, or certificate of the highway commissioners, and that such a contingency is not expressly provided for in section 83, as rendering the applicant liable for costs and expenses. It may be that this view is correct, but, if this be so, there is a casus omissus in the statute. It is not proper for us to determine the question, as it is not directly raised on this appeal. It would seem, however, by the language of the section, that the fees of the commissioners and the costs of the proceeding stand on the same footing, and that, if the applicant could be made liable under this section for the latter, he could also for the former. The responsibility of the town for these fees is based on section 92 of the highway law. It provides that, in all cases of assessments of damages by commissioners appointed by the court, the costs thereof shall be paid by the town, except when damages are reassessed. There could be in this case no legal assessment of

·damages, because there was no right to lay out the highway. We think the section refers to the case of a valid assessment of damages only, and this accords with our view of the general scope and purport of the statute,—that the town should bear the expense where the petitioner succeeds in his application for the improvement, not in the case of proposed improvements which fail.

The order appealed from should be reversed, without costs. All concur.