(57 App. Div. 114.)

EPPIG v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. January 11, 1901.)

1. HIGHWAYS—ATTORNEY'S FEES—VOLUNTARY PAYMENT.

Where plaintiff petitioned the county court for the appointment of commissioners to lay out a highway in a town, and without authority or request from the town paid the expenses of the commissioners and attorney's fees to counsel who represented him in the proceedings, he was a mere volunteer, and hence could not recover therefor from the town.

2. SAME—PRESENTMENT TO COMPTROLLER—NECESSITY.

Greater New York Charter, § 151, provides that there shall be an auditing bureau to audit and settle all accounts in which the city is concerned as debtor or creditor, and specifically provides for the audit of accounts arising on local improvements in the borough of Queens. Section 5 makes the city of New York liable for the valid obligations of

the town of Jamaica, in Queen's county. On application of plaintiff, a highway in the town of Jamaica was improved before the consolidation of the town with the city of New York, and the commissioners' fees and other expenses paid by him. *Held*, that plaintiff's claim for such costs must be presented, with the assessed damages, to the comptroller of the city of New York for his audit, and not merely as preliminary to an action for nonpayment, before plaintiff would be entitled to sue.

**3. SAME—UNAUTHORIZED CONTRACTS.**

Under Highway Law, § 93, providing that the damages and costs against the town shall be laid before the board of supervisors to be audited with the charges of the commissioners, etc., or other persons or officers employed in making the assessment, and for whose services the town shall be liable, an applicant for the improvement of a highway could not recover from the town fees paid by him to an attorney who assisted therein, where the attorney acted for him, and was not retained on behalf of the town, though the latter benefited by the attorney's advice.

Appeal from trial term, Queens county.

Action by John Adam Eppig against the city of New York. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCH-BERG, JENKS, and SEWELL, JJ.

William J. Carr, for appellant.

Henry A. Montfort, for respondent.

JENKS, J. In 1897, the plaintiff petitioned the county court of Queens county, under sections 82 and 83 of the highway law, for the appointment of commissioners to lay out a highway in the town of Jamaica, in the county of Queens. The commissioners were appointed. They laid out the highway, and their determination was confirmed by the court. The bills of the commissioners, amounting to $219, made out against the town, were paid by the plaintiff, who also paid $350 to counsel who represented him in the proceedings. After January 1, 1898, the plaintiff presented a claim to the comptroller of New York City for $592, representing these two amounts. The comptroller did not audit the claim, and after 30 days this action was brought. The plaintiff paid these charges while the town of Jamaica existed, without request of the town, and without authority from it. No provision of the statute required him or authorized him to make such payment, nor was such payment necessary to protect his rights. He was, then, a volunteer. He was not a creditor of the town, but a claimant against it or its successor. First Nat. Bank of Ballston Spa v. Board of Sup'rs, 106 N. Y. 488, 13 N. E. 439; Acer v. Hotchkiss, 97 N. Y. 395; Perkins v. Hall, 105 N. Y. 539, 12 N. E. 48. When these proceedings were begun, section 93 of the highway law required that the damages and costs incident thereto should be laid before the board of supervisors for audit preliminary to a levy upon the town. The commissioners reported on December 29, 1897. Chapter 106, Laws 1898 (enacted on March 21), substituted the board of town auditors or the town board for the board of supervisors. On March 28, 1898, the report of the commissioners was confirmed by the county court. It is not necessary to determine whether the amendment of 1898 applied to these proceedings, for

the following reasons:  On January 1, 1898, the Greater New York charter became a law, and the new municipal corporation stood in the place of the town.  Section 5, Greater New York Charter.  If, but for the consolidation of New York and Jamaica, this claim for damages and costs must have been presented to the board of supervisors for audit, then it should now be presented to the comptroller of the city of New York.  People v. Coler, 48 App. Div. 492, 62 N. Y. Supp. 964.  If, but for consolidation, the board of town auditors or the town board, and not the board of supervisors, was the auditor, then I think that the comptroller of the city of New York is now the proper auditor.  The laying out of this highway is undoubtedly a public improvement.  Astor v. Mayor, etc., 62 N. Y. 580.  And section 151 of the Greater New York charter provides that there shall be an auditing bureau in the department of finance to audit, revise, and settle all accounts in which the city is concerned as debtor or creditor, and specifically provides for the audit of accounts arising upon local improvements in the borough of Queens, wherein is situate the territory that made up the former town of Jamaica. It is not material, then, whether the claim could or could not have been presented for audit to the former local officers, as here is a successor duly authorized in the premises.  The claim actually presented to the comptroller evidently was not for an audit to determine a charge for a local improvement, but was preliminary to this present action; for the allegation of the complaint is that such claim was presented, and, although 30 days have elapsed, the said comptroller has neglected or refused to make any adjustment or payment thereof.  And, moreover, the claim served upon the comptroller, read in evidence, is the "claim" of the plaintiff for commissioners' fees and other expenses paid by him as applicant, accompanied by a letter calling the comptroller's attention to the fact that the several sums awarded as damages in the determination remain unpaid, and are also charges against the city.  Now, the provision of the highway law is that all damages shall be laid before the board to be audited, with the charges of the commissioners, justices, and other persons and officers employed in making the assessment, and for whose services the town shall be liable, and that the amount shall be levied and collected.  Thus the claim filed in any event did not present the damages for audit.  I think that the proper procedure is to lay the entire amount of damages and charges before the comptroller for his audit, which can, if necessary, be compelled by mandamus; and that only after he has acted in audit thereon can a right of action, if at all, accrue.

It may be proper to state that I am of opinion that the expression of section 93 of the highway law, "damages against the town and costs against the town as herein provided," includes the charges of the commissioners, justices, surveyors, or other persons or officers employed in making the assessment, for whose services the town shall be liable.  This is in the scheme of the procedure in case the petitioner succeeded in obtaining the improvement (In re Miller, 9 App. Div. 260, 41 N. Y. Supp. 581), and it is made more plain by the provision in the section that such charges shall be audited with

the damages and costs. I think, however, that the said expression, "charges of the commissioners, justices, surveyors, or other persons or officers employed in making the assessment, and for whose services the town shall be liable," does not apply to the fees of the attorney or counsel employed by the petitioner. The petitioner sought the improvement as a person assessable for highway labor. He had no authority whatever to incur a liability for the town. He had a mere personal interest that the improvement should be carried out, and that incidentally his proportion of the damages assessed should be as fair and as small as possible. So, if the learned counsel was in fact "employed" in making the assessments, he took no official part therein, and he was not officially retained therefor by or on behalf of the commission or of the town; but his employment was in the sense that the commissioners, though one of them was a lawyer, availed themselves of his acknowledged skill and learning, which he naturally lent, inasmuch as it was to the interest of his client that the procedure should be regular, and without a flaw. But the statute devolved no duty upon him in the premises, and the town had no right to call upon him under his retainer by the plaintiff. There was no authority in the town to retain him (People v. Board of Sup'rs of Warren Co., 82 Hun, 298, 31 N. Y. Supp. 248), and therefore he cannot recover on the theory of an implied contract with it or with its officers. And the expression of the statute is not only "the charges * * * of other persons or officers employed in making the assessment," but it is coupled with the words "and for whose services the town shall be liable." Further, I think that each commissioner was entitled to six dollars for each day necessarily employed, and to his necessary expenses, for the reason that the provisions of section 92 are plain, and must control. The judgment must be reversed.

Judgment reversed, and new trial granted; costs to abide the event. All concur, except SEWELL, J., taking no part.