Matter of the Application of S. B. DAVID to Lay out a High-
way in the Town of Lebanon, in Madison County, N. Y.,
and for the Assessment of Damages therefor.

(County Court, Madison County, June, 1904.)|

Highway Law — Construction of sections 84, 92, 85 — Application for
commissioners to lay out a highway — Oath required of them —
Proceeding avoided by their failure to take it — Town not charge-
able with costs to a land owner where the proceeding fails — Notice
to town highway commissioner of the commissioners' meeting.

The requirement of section 84 of the Highway Law that com-
missioners, appointed by a County Court to determine upon the
necessity of a highway proposed to be laid out in a town and
assess the damages by reason of the laying out, shall "take the
constitutional oath of office" means the oath prescribed in section 1
of article XIII of the Constitution of the State of New York re-
quiring, among other things, an oath or affirmation to support the
Federal and State Constitutions, and this requirement is manda-
tory.

Where it is not embodied in the oath taken, the proceeding is
void, and the objection may be taken by the town commissioner of
highways on a motion made to confirm the decision of the County
Court commissioners.

The provision of section 92 of the Highway Law that in all cases
of assessment of damages by commissioners appointed by the court
the costs shall be paid by the town applies only where the proposed
improvement is carried into effect, and where the proceeding is
declared void an owner who had obtained damages from the com-
missioners for land proposed to be taken cannot recover of the town
costs he incurred in the proceeding.

The failure of the County Court commissioners to give the town
highway commissioner personal notice of the time and place of their
meeting — the provision as to which notice is contained in section
85 of the Highway Law — does not invalidate the proceeding where
the notices required by that section have been duly posted, as
the posted notices are sufficient notice to the town highway
commissioner.

APPLICATION by E. W. Cushman, to amend an order, made
herein, on April 18, 1904, so that, in addition to the al-
lowances therein made, an allowance may be made to him, as
attorney for Sarah M. Morgan, as costs for services and dis-

bursements in the above-entitled matter, in such a sum as the court shall deem reasonable and just.

E. W. Cushman, for motion.

M. H. Kiley, for S. B. David.

Dayton F. Smith (C. A. Hitchcock, of counsel), for Lewis Close, commissioner of highways, opposed.

SMITH, J. By the decision of the commissioners, appointed to determine as to the necessity of the highway mentioned in the petition, and to assess the damages by reason of the laying out of such highway, it was certified and determined that it is necessary that the highway be laid out, and the damages were assessed as follows: William Blair, $238.40; Sarah M. Morgan, $342.18; Orril Hayward, $301.50.

On motion to confirm the decision of the commissioners, the supervisor and the highway commissioner appeared in opposition, and on the 18th of March, 1904, an order was made by this court, vacating and setting aside the decision of the commissioners, and by consent of the supervisor and commissioner, that order directed that the fees of the commissioners be paid by the town, and also by like consent certain allowances were made to M. H. Kiley, attorney for the petitioner, and to Dayton F. Smith, for himself and for the counsel, C. A. Hitchcock, for services rendered by them, the allowance to Mr. Kiley being for services as attorney for the petitioner, and the allowance to Mr. Smith being for services rendered by him and by the counsel Hitchcock in opposing the confirmation, and in proceedings to set aside the decision of the commissioners.

Section 84 of the Highway Law provides that the commissioners shall take the constitutional oath of office, and appoint a time and place at which they shall all meet to hear the commissioners of highway of the town where such highway is situated, and others interested therein. Section 85 of the Highway Law provides for giving notice of the time and place of the hearing, by posting such notice for at least eight

13

County Court, Madison County, June, 1904.    [Vol. 44.

days in three public places of the town, and personally serving, on the owner and occupants of the land through which the proposed highway is to run, a notice of the time and place of the hearing at least eight days previous to the hearing, or by leaving such notice at the residence of the owners and occupants with a person of mature age.    The statute does not require personal service on the commissioner of highways, and it has been held that the commissioner has no more interest than any other taxpayer.    People ex rel. D., L. & W. R. Co. v. County Court, 92 Hun, 13.

I think want of notice to the highway commissioner did not invalidate the proceedings.    The only notice to him required by the statute is the notice given by posting in three public places.

The section referred to requires the commissioners to take the constitutional oath of office; that is the first thing for them to do, and the validity of their subsequent proceedings depends upon their taking that oath, and thus qualifying themselves as commissioners.    By article XIII, section 1, of the Constitution of this State members of the Legislature and all officers, executive and judicial, except such inferior officers as shall be by law exempted, shall, before they enter on the duties of their respective offices, take and subscribe the following oath or affirmation:    " I do solemnly swear (or affirm) that I will support the Constitution of the United States and the Constitution of the State of New York, and that I will faithfully discharge the duties of the office of ———— according to the best of my ability."    An addition to this oath (not necessary here to be considered), is required of officers chosen at any election.    By the same article, no other oath, declaration or test, shall be required as a qualification for any office of public trust.    I know of no other oath of office described by the Constitution, and of no constitutional oath of office except the one quoted, and by section 84 of the Highway Law, the commissioners were required to take that oath. The Legislature had the right to prescribe the nature of the oath of office to be taken.    The Legislature could have limited the oath of office which the commissioners should take, and had the act required them to have taken an oath simply to

faithfully discharge their duty there is no doubt but that it would have been sufficient and valid, but the Legislature has seen fit to require the commissioners to take this constitutional oath, and that requirement must be substantially complied with.   The statute is mandatory.

The article in question is a limitation upon the qualifications of office-holders which may be imposed or required by the Legislature.   It is an exclusion of anything in the nature of an oath except the one therein set forth.   People ex rel. Bishop v. Palen, 74 Hun, 292.

In Rogers v. Common Council of Buffalo, 123 N. Y. 173, the court held that a statute by which an applicant for appointment to a position in a public office is made to show his fitness therefor does not constitute an illegal test within the meaning of this section, and that the framers of our organic law never intended to oppose a constitutional barrier to the right of the people through their Legislature, to enact laws which should have for their sole object the possession of fit and proper qualifications for the performance of the duties of a public office on the part of him who desired to be appointed to such office.

The Legislature had the right to prescribe the nature of the oath to be taken, and the requirement must be substantially complied with.   The reason why the Legislature has required the commissioners to take the same constitutional oath required of public officers may not be apparent, but they have required it, as they had the legal right. The oath taken by the commissioners is substantially in the following form:   " I do solemnly swear that I will faithfully and fairly try the questions and determine the issues referred and submitted to me as such commissioner, and make a just and true decision and certificate thereof, according to the best of my understanding."   Substantial compliance with the form prescribed is essential to the validity of the oath, and if a material part of the oath be omitted it is as though no oath had been taken.   23 Am. & Eng. Encyc. of Law, 360; Matter of Executive Communication, 14 Fla. 277; Hoagland v. Culvert, 20 N. J. L. 387.

Where the statute requires the person elected or ap-

pointed to office, before he enters upon the duties of his office, to take an oath to faithfully perform the duties of the office; compliance therewith is a condition precedent to the officer's right to exercise the functions of the office. 23 Am. & Eng. Encyc. of Law, 354, and cases there cited. The same rule must require him to take substantially the oath prescribed.

In Shattuck v. Bascom, 105 N. Y. 39, it was held that where the form of oath to be taken by assessors is prescribed, it must be followed, and any material variation therefrom will invalidate the assessment.

It will be observed that the commissioners herein did not take the constitutional oath; they did not swear or affirm that they would support either the Constitution of the United States or of this State; hence they never qualified, and all their subsequent proceedings were unauthorized and of no force. People v. Connor, 46 Barb. 336.

The whole town had an interest in the proposed highway and had a right to require that the proceedings should in all material respects conform to the requirements of the statute, which in effect declares that until the commissioners take the oath of office required by the law, they are incompetent to do any other act as commissioners. It was an act necessary to give them jurisdiction to proceed in the discharge of their duty; the omission of which rendered all their acts *coram non judice* and void, because in laying out highways they act under a special and statutory authority; and it must appear upon the face of their proceedings or by proof *aliunde* that they acquire jurisdiction. Miller v. Brown, 56 N. Y. 383.

On motion to confirm the decision of the commissioners, this court had power to review all the proceedings, whether such proceedings related to the merits of the application or otherwise. People ex rel. Hanford v. Thayer, 88 Hun, 136; Matter of Lawton, 22 Misc. Rep. 426.

The objections that the proceedings are invalid may be made by the commissioner of highways on this hearing. People ex rel. Smith v. Allen, 37 App. Div. 248; People ex rel. Ottman v. Commissioners, 27 Barb. 94. Other objections have been urged by the counsel for the commissioner of high-

ways; but from the view I take of the commissioners not hav-
ing taken the proper oath of office, I do not deem it necessary
to pass upon those objections.

It follows that the commissioners could not make any
valid award to the landowner, whose counsel now asks com-
pensation.

I am fully persuaded that the order setting aside the de-
cision of the commissioners was warranted, and it finally
determined the question of the necessity of the proposed
highway, and, of course, Mrs. Morgan cannot recover the
damages awarded, and neither does she lose her lands.
Matter of De Camp, 151 N. Y. 557.

By section 92 of the Highway Law, in all cases of assess-
ment of damages by commissioners appointed by the court,
the costs thereof shall be paid by the town except when
reassessment of damages shall be had on the application
of the party for whom the damages were assessed, and
such damages shall not be increased on such reassessment,
the costs shall be paid by the party applying for the re-
assessment.

As the commissioners decided that the road was necessary,
and assessed damages for Mrs. Morgan, the counsel con-
tends that she is entitled to the costs incurred by her in this
proceeding.

The language of section 92, that in case of assessment
of damages by commissioners appointed by the court, the
costs are directed to be paid by the town, was plainly
intended that in case the proposed improvement should be
carried into effect, the costs and expenses occasioned by it
should be defrayed by the town. It means in case there
is a valid assessment of damages; it has no application to a
case where the proposed improvement fails. Matter of Mil-
ler, 9 App. Div. 260.

Indeed, it has been held that the statute does not confer
upon the highway commissioner power to employ an attor-
ney upon the credit of the town in a proceeding to lay out
a highway. People ex rel. Bevins v. Supervisors, 82 Hun,
298.

There is some force in the suggestion of counsel that, in-

Supreme Court, Appellate Term, June, 1904. [Vol. 44.

asmuch as costs were allowed to the counsel for the petitioner, and to counsel employed to oppose the confirmation of the decision of the commissioners, and to set aside such decision, compensation should be allowed to the counsel employed by the landowner, but the costs thus allowed were, by the express consent of the supervisor, the town's fiscal officer and the highway commissioner, allowed in open court, which officers object, or at least do not consent, to costs being allowed the moving party, and the court must now determine as to whether such costs are a legal and enforceable claim against the town, and from the examination of that question I am led to the conclusion that the claimant has not a claim against the town, which the court has power to enforce; that her only remedy is with the town auditing board, who very likely would have the power to make some proper allowance.

The motion is, therefore, denied.

*Motion denied.*