Ex Parte Pedro F. Gotay, Petitioner.

No. 3233. Argued November 21, 1927.—Decided December 9, 1927.

*José E. Figueras, Fiscal* of the Supreme Court, appeared *pro se* as appellant. *Cayetano Coll y Cuchí* and *O'Neill & O'Neill* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

On the 29th of April, 1927, a petition for a writ of *habeas corpus* was addressed by Pedro F. Gotay to Associate Justice Wolf of this Supreme Court. On the same day Justice Wolf ordered the issuance of the writ, released the petitioner provisionally and set April 30th for the hearing. On that date J. B. García Méndez, José Sabater and Miguel Guerra Mondragón moved that as they were respectively Chairman of the Juridical Penal Committee, Chairman of the Juridical Civil Committee and Vice-president of the House of Representatives of Porto Rico and familiar with the case, they be allowed to intervene in the proceeding as *amici curiae* with the privilage of explaining the facts and the law. The motion was granted. The petitioner had been imprisoned under a warrant signed by the Speaker of the House of Representatives. The cause of the arrest was an article published by the petitioner in a certain newspaper and considered by the House as a violation of its legislative privileges.

On the 3rd of the following May Justice Wolf granted the petition and ordered the final release of the petitioner, setting forth the grounds for his decision in a long opinion which concludes as follows: "There is no question in my mind that the House may punish for a contempt within the sphere of its legislative action as implied in the Constitution of Porto Rico, but I feel that this order of the House fell without that sphere and that the petitioner should be discharged."

On the same day, May 3, 1927, a document was filed reading literally as follows:

"In the Supreme Court of Porto Rico.—Pedro F. Gotay, petitioner.—Ex Parte.—*Habeas Corpus.*—Notice of Appeal.—To the Hon. Adolph G. Wolf, Associate Justice of the Supreme Court; to Attorney Cay. Coll y Cuchí, counsel for the petitioner, and to the Secretary of this Court: You are hereby notified that not being satisfied with the decision rendered today by the Hon. Adolph G.

Wolf, Associate Justice of this Court, in the above entitled case, granting the petition in *habeas corpus* presented by the petitioner and discharging him, I appeal from that decision to the Hon. Supreme Court in bank. San Juan, Porto Rico, May 3, 1927. (Signed) José E. Figueras, *Fiscal* of the Supreme Court. Received copy on this 4th of May, 1927. (Signed) Cay. Coll y Cuchí, per G. Cruzado Silva, attorney for the Petitioner.''

By virtue of the foregoing document the appeal was admitted, a ''brief of the *Fiscal*'' being presented and a day being set for the hearing on the appeal.

Then the appellee Gotay appeared and moved for dismissal of the appeal on the ground that it had not been taken in the name of The People of Porto Rico. On the motion were heard Gotay by his attorney and ''the appellant by *Fiscal* Figueras.''

The law on the matter is the Act passed by the Legislative Assembly and approved by the Governor on March 12, 1903. Sections 1 and 2 thereof (Comp. 1911, sections 6547 and 6548) which are pertinent read as follows:

''Section 1. An appeal may be taken to the Supreme Court of Porto Rico from the final order of a court or judge upon the return of the writ of *habeas corpus*, by any party to the proceedings, aggrieved thereby.

''Section 2. An appeal from a final order discharging a prisoner committed upon a criminal accusation or admitting him to bail may be taken in the name of the people of Porto Rico either by the district attorney of the proper district, or by the fiscal of the supreme court, or by the attorney general, or by the counsel duly authorized by the attorney general. An appeal so taken from an order admitting a prisoner to bail or reducing the amount thereof shall not stay the discharge of the prisoner upon bail.''

Nowhere in the notice is it said that the appeal is taken in the name of The People of Porto Rico. No mention at all is even made of The People of Porto Rico. All that appears from the text of the notice is that the *Fiscal* is not satisfied with decision and appeals therefrom. But the law does not grant him that right.

The *Fiscal* of the Supreme Court contended orally at the hearing on the motion that as he is authorized only to represent The People of Porto Rico, the implication is that he appeared in the name of The People of Porto Rico although it was not so stated in the notice of appeal.

If we examine the legislation in force governing the matter, the argument of the *Fiscal* controverts his attitude. Act No. 39 of 1912 imposes on the *Fiscal* of the Supreme Court the duty of representing The People of Porto Rico in all criminal appeals and in all civil cases in which The People of Porto Rico are interested, pending in the Supreme Court. Another Act approved March 9, 1905, prohibits the *Fiscal* of the Supreme Court from engaging in the practice of law, but provides that it shall not prevent him from acting as counsel for The People of Porto Rico *or for any public officer* as authorized by law. And by the Act providing for appeals in cases of *habeas corpus, supra,* we have seen that appeals can be taken by *any party to the proceeding aggrieved thereby or in the name* of The People of Porto Rico.

The record of the hearing on the returned writ shows that there appeared only the petitioner with his counsel, "the appellees represented by their attorney, F. Pérez Almiroty, Special Prosecuting Attorney at Large," and the other persons to whom we have referred, and that they were admitted "rather as assistants of the Attorney General," attorney García Méndez having delivered an oral argument.

As may be seen, the *Fiscal* of the Supreme Court did not appear in the original proceeding and as according to law he can act not only as counsel for The People, but for any public officer, and as the warden of the jail who had custody of the petitioner and received and returned the writ was a public officer, the necessity on the part of the *Fiscal* of stating in whose name he was acting when he appeared for the first time in the proceeding by filing the notice of appeal became still more evident.

Moreover, even granting that the only purpose of the *Fiscal* had been to appeal in the name of The People, as he failed to say so the notice has no value. This is a statutory right that must be exercised in strict compliance with the terms of the statute. Not only is the right in question statutory, but its legality has not been recognized everywhere as may be seen from the following quotation from Ruling Case Law:

"According to the rule laid down by numerous authorities, and supported, it is believed, by the better reasoning, a writ of error or an appeal will not lie in behalf of the state to review an order or judgment of a court of competent jurisdiction, in *habeas corpus* proceedings, discharging from custody a person convicted and imprisoned for crime. Having in mind the original purpose of the writ, it is difficult to perceive the wisdom or reason upon which statutes are based which allow an appeal in cases where the prisoner has been discharged. The delay which may and generally would attend the appeal would in many cases work a denial of the very object of the writ, which is to secure the present discharge of the prisoner, and in most cases its value could be so impaired as to lose the distinctive character and office with which it has always been clothed, and, instead of being the safeguard of human liberty, it might become a means of oppression. There are, however, some authorities which maintain the rule that a final order of discharge on *habeas corpus* may be reviewed on appeal; and it has also been held that an order of discharge may be reviewed on certiorari. In the case of an appeal by the state, the order of discharge may be stayed by the higher court." 12 R.C.L. p. 1258, par. 76.

In support of his contention Gotay invokes the case of *People* v. *Gittens,* 209 N. Y. 527.

That case was decided by the Court of Appeals of the State of New York without an opinion. The decision only states that the appeal was dismissed because it was not taken in the name of The People as required by section 2059 of the Code of Civil Procedure, with a reference to *People ex rel. Breslin* v. *Lawrence,* 107 N. Y. 607.

We have studied the latter case in which there is a transcription of section 2059 of the Code of Civil Procedure

providing that ''an appeal from a final order discharging a prisoner committed upon a criminal charge, or from a judgment affirming such order, may be taken in the name of The People by the Attorney General or the district attorney.''

The statute is, therefore, essentially identical to that of Porto Rico, but the facts of the case are different. Breslin was arrested. He presented a petition in *habeas corpus* to Judge Lawrence and the judge dismissed it. He appealed to the Supreme Court and the court in turn reversed the order of Judge Lawrence who in his turn appealed to the Court of Appeals of the State and that court of last resort dismissed the appeal on the strength of section 2059 of the Code of Civil Procedure.

The facts in the *Gittens Case, supra,* are not known. The reference to the *Breslin Case, supra,* takes great weight from the citation. However, it can not be denied that it is pertinent to the question involved.

It seems proper to state that neither Gotay nor the *Fiscal* of the Supreme Court has cited any other jurisprudence and that having studied the matter with all possible care, we have not been able to find any.

The stand taken is really technical, but the right of appeal sought to be exercised is also technical, and as the defendant has invoked his right to have the decision favorable to his personal liberty undisturbed, that right must be fully granted to him.

The appeal is dismissed.

Mr. Justice Wolf took no part in the decision of this case.