EX·PARTE, PEDRO F. GOTAY, peticionario, y EL PUEBLO DE PUERTO RICO, opositor y apelante.

No. 3233.—*Visto:* Noviembre 21, 1927. *Resuelto:* Diciembre 9, 1927.

1. HABEAS CORPUS—JURISDICCIÓN, PROCEDIMIENTOS Y REMEDIO—APELACIÓN—EN GENERAL.—Para que una apelación establecida para ante el Tribunal Supremo de la decisión de uno de sus jueces en un caso de *habeas corpus* se entienda interpuesta a nombre de El Pueblo de Puerto Rico, no basta que apele el Fiscal del Tribunal Supremo. Es necesario que al apelar exprese que lo hace a nombre de El Pueblo de Puerto Rico.

2. DERECHO PENAL—APELACIÓN Y ERROR, Y CERTIORARI—FORMA DEL REMEDIO, JURISDICCIÓN Y DERECHO DE REVISIÓN—DEL REMEDIO EN GENERAL.—El derecho de apelación, siendo estatutorio, debe ejercitarse siguiendo estrictamente los términos del estatuto.

MOCIÓN sobre desestimación de apelación, interpuesta ésta contra RESOLUCIÓN del *Hon. Juez Asociado Señor Wolf,* declarando con lugar petición de *habeas corpus* y ordenando la libertad del peticionario.—*Desestimado* el recurso.

*José E. Figueras, Fiscal del Supremo,* compareció por sí como apelante; *Cayetano Coll y Cuchí y O'Neill & O'Neill,* abogados del peticionario apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

El 29 de abril último se radicó una solicitud de *habeas corpus* por Pedro F. Gotay ante el Juez Asociado de esta Corte Suprema Sr. Wolf. En el propio día el juez ordenó la expedición del auto, decretó la libertad provisional del peticionario y fijó la vista para el 30 de abril. En dicho día los Sres. J. B. García Méndez, José Sabater y Miguel Guerra Mondragón pidieron al juez que siendo el primero Presidente del Comité Jurídico Penal, el segundo Presidente del Comité Jurídico Civil y el tercero Vice Presidente de la Cámara de Representantes de Puerto Rico, y estando familiarizados con el caso, les permitiera intervenir e inter-

vinieron, en efecto, en el procedimiento como *amicus curiæ* con facultades para exponer los hechos y la ley. El peticionario se hallaba en prisión a virtud de un mandamiento de arresto firmado por el Presidente de la dicha Cámara de Representantes. Se trataba de cierto artículo publicado por el peticionario en cierto periódico que la Cámara consideró como una violación de sus privilegios legislativos.

El 3 de mayo siguiente el Juez Asociado Sr. Wolf declaró con lugar la petición y decretó la libertad definitiva del peticionario, exponiendo los fundamentos que para ello tenía en una larga opinión que termina así: "No hay duda en mi mente de que la Cámara de Representantes puede castigar por desacato dentro de la esfera de sus actuaciones legislativas, conferidas implícitamente por el Acta Orgánica de Puerto Rico, pero creo que la resolución de la Cámara de Representantes en el presente caso cae fuera de su esfera y que el acusado debe ser absuelto."

El propio día 3 de mayo, 1927, se radicó un escrito que, copiado a la letra, dice:

"En el Tribunal Supremo de Puerto Rico.—Pedro F. Gotay, Peticionario.—Ex Parte.—Habeas Corpus.—Escrito de Apelación.— Al Honorable Adolph G. Wolf, Juez Asociado del Tribunal Supremo; Al Lcdo. Cay. Coll Cuchí, abogado del peticionario, y al Secretario de este Tribunal: Sírvanse quedar notificados que no estando conforme con la resolución dictada en el día de hoy por el Honorable Adolph G. Wolf, Juez Asociado de este Tribunal, en el caso arriba titulado, por la cual se declara con lugar el habeas corpus interpuesto por el peticionario, y se absuelve al mismo, apelo de dicha resolución para ante el Honorable Tribunal Supremo en pleno. San Juan, Puerto Rico, mayo 3, 1927. (fdo.) José E. Figueras, Fiscal del Tribunal Supremo. Notificado con copia hoy día 4 de mayo, 1927. (fdo.) Cay. Coll y Cuchí, por G. Cruzado Silva, abogado del Peticionario."

A virtud de dicho escrito se admitió y tramitó la apelación presentándose un "alegato del Fiscal" y señalándose día para la vista del recurso.

Así las cosas, compareció el apelado Gotay y pidió la

desestimación de la apelación por no haberse presentado a nombre del Pueblo de Puerto Rico. Sobre la moción fueron oídos Gotay por su abogado y "el apelante por el suyo fiscal Figueras."

La ley sobre la materia es la decretada por la Asamblea Legislativa y aprobada por el Gobernador el 12 de marzo de 1903. Las secciones 1 y 2 de la misma, (Comp. 1911, secciones 6547 y 6548) que son las pertinentes, dicen:

"Sección 1.—Podrá interponer recurso de apelación para ante el Tribunal Supremo de Puerto Rico, contra la providencia definitiva de un tribunal o juez al devolverse diligenciado el auto de *habeas corpus*, cualquiera de las partes que resultare agraviada.

"Sección 2.—Contra una orden definitiva excarcelando libremente a un preso o detenido bajo acusación criminal o mandando ponerlo en libertad bajo fianza, podrá apelarse en nombre del Pueblo de Puerto Rico o por el fiscal del distrito respectivo, o por el Fiscal del Tribunal Supremo, o por el Fiscal General, o por el abogado defensor debidamente autorizado por el Fiscal General. El recurso así interpuesto contra una orden mandando poner en libertad a un preso bajo fianza o reduciendo ésta, no producirá el efecto suspensivo."

En ninguna parte del escrito se dice que la apelación se interpone a nombre del Pueblo de Puerto Rico. El Pueblo de Puerto Rico no se encuentra ni siquiera mencionado en todo él. Todo lo que aparece del texto del escrito es que el Fiscal no está conforme con la resolución y apela de ella. Y la ley no le reconoce ese derecho.

Sostuvo el Fiscal del Supremo oralmente en el acto de la vista de la moción que como sólo le es dable representar a El Pueblo de Puerto Rico, aunque así no se expresara en el escrito de apelación, implícito está que se presentó a nombre de El Pueblo.

Si examinamos la legislación vigente sobre la materia, el argumento del Fiscal resulta contraproducente. La Ley No. 39 de 1912 impone al Fiscal del Tribunal Supremo el deber de representar a El Pueblo de Puerto Rico en todas las apelaciones criminales y en todas las causas civiles en que

esté interesado El Pueblo de Puerto Rico pendientes ante el Tribunal Supremo.  Otra ley aprobada en 9 de marzo de 1905 prohibe al Fiscal del Tribunal Supremo ejercer la abogacía pero prescribe que tal prohibición no le impedirá postular como defensor de El Pueblo de Puerto Rico *o de cualquier funcionario público* según lo autoricen las leyes. Y por la ley estableciéndo el recurso de apelación en casos de *habeas corpus, supra,* hemos visto que puede interponerse por *cualquiera de las partes que resultare agraviada o en nombre del Pueblo de Puerto Rico.*

Según el acta de la vista del auto diligenciado sólo comparecieron el peticionario asistido de su abogado, "los recurridos representados por su abogado, el Lcdo. F. Pérez Almiroty, Fiscal Especial at-large" y las otras personas a quienes nos hemos referido y que fueron admitidas "más bien como ayudantes del Attorney General," informando oralmente una de ellas, el Lcdo. García Méndez.

Como puede verse, el Fiscal del Tribunal Supremo no compareció en los procedimientos originales y como de acuerdo con la ley no sólo puede defender al Pueblo sino a sus funcionarios y un funcionario era el alcaide de la cárcel que tenía bajo su custodia al peticionario y recibió y devolvió el auto, la necesidad por parte del Fiscal al personarse por vez primera en el procedimiento archivando el escrito de apelación, de expresar a nombre de quien actuaba, era aún más evidente.

Además, aunque se admitiera que la única intención del Fiscal había sido la de apelar a nombre del Pueblo, no habiéndolo expresado así, el escrito carece de valor.  Se trata de un derecho estatutorio que debe ejercitarse siguiendo estrictamente los términos del estatuto.  No sólo es el derecho de que se trata estatutorio sino que la justicia de su concesión no ha sido por todos reconocida como puede verse de la siguiente cita que tomamos de Ruling Case Law. Es así:

"De conformidad con la regla establecida por un sinnúmero de

autoridades, y sostenida, según se cree, por el mejor razonamiento, no procede un recurso de error o una apelación por parte del estado para revisar una resolución o sentencia de una corte de jurisdicción competente, en un procedimiento de *habeas corpus* que ordena la excarcelación de una persona que ha sido convicta y encarcelada por un delito.  Teniendo en mente el fin original del recurso, es difícil concebir el fundamento o la razón en que se basan los estatutos que permiten se apele en casos en que el acusado ha sido puesto en libertad.  La demora que podría ocasionar y que generalmente ocasiona la apelación, en muchos casos destruiría el verdadero fin del recurso, que no es otro que obtener la excarcelación material del acusado, y en muchos casos su valor sería obstaculizado al extremo de que perdería su naturaleza distintiva y el fin que siempre ha perseguido, y, en vez de ser una salvaguardia de la libertad humana, llegaría a ser una forma de opresión.  Sin embargo, hay algunas autoridades que sostienen que una resolución final ordenando la excarcelación en un procedimiento de *habeas corpus,* puede ser revisada en un recurso de apelación; y también se ha resuelto que una resolución ordenando la excarcelación del acusado puede ser revisada mediante un recurso de *certiorari*.  En caso de que la apelación se interponga a nombre del estado, la orden de excarcelación puede ser suspendida por el tribunal superior.'' 12, R.C.L. Pág. 1258, párrafo 76.

En apoyo de su contención invoca Gotay el caso de *People* v. *Gittens,* 209, N. Y. 527.

Dicho caso fué resuelto por la Corte de Apelaciones del estado de Nueva York sin opinión.  Sólo se consigna en la resolución que la apelación se desestima por no haberse interpuesto a nombre del Pueblo como se requiere por la sección 2059 del Código de Enjuiciamiento Civil, haciéndose referencia al caso de *People ex rel. Breslin* v. *Lawrence,* 107 N. Y. 607..

Hemos examinado este último caso y en él se transcribe la sección 2059 del Código de Enjuiciamiento Civil que establece que ''una apelación de una orden final decretando la libertad de una persona reducida a prisión a virtud de una acusación criminal, o de la sentencia confirmando dicha orden, puede ser establecida en el nombre del Pueblo por el fiscal general o fiscal del distrito.''

El estatuto es, pues, esencialmente igual al de Puerto Rico, pero los hechos del caso son distintos. Allí Breslin fué arrestado. Presentó una petición de *habeas corpus* ante el Juez Lawrence y el juez la declaró sin lugar. Apeló a la Corte Suprema y ésta a su vez revocó la orden del Juez Lawrence y entonces el Juez Lawrence apeló a su vez para ante la Corte de Apelaciones del Estado y esta corte de última instancia basándose en la sección 2059 del Código de Enjuiciamiento Civil desestimó el recurso.

Los hechos del caso de Gittens, *supra,* no son conocidos. La referencia al otro caso de Breslin, *supra,* resta gran fuerza a la cita. Sin embargo, no puede negarse que es pertinente a la cuestión envuelta.

Parece conveniente hacer constar que ni Gotay ni el Fiscal del Supremo han citado ninguna otra jurisprudencia y que habiendo estudiado el asunto con el detenimiento que nos ha sido posible, nada tampoco hemos podido encontrar nosotros.

La actitud que asumimos es ciertamente técnica, pero técnico es también el derecho de apelación que se intentó ejercitar y habiendo invocado la parte interesada su derecho a que la decisión favorable a su libertad personal que obtuvo sea respetada, ese derecho debe serle plenamente reconocido.

*La apelación se desestima.*

El Juez Asociado Señor Wolf no intervino.